IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAREK FARAG,                           )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )   No. 07 C 1688
                                       )
DTRA (Defense Threat Reduction         )
Agency), USPTO (U.S. Patents           )
Office), DOE (Department of            )
Energy), and OTHERS,                   )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Tarek Farag has a Ph.D. in the field of nuclear engineering. He has 40 years of experience in the field. His representations regarding his high qualifications are not questioned. Plaintiff's factual representations and arguments are assumed to be sincere and serious. Defendants, all of which are federal agencies, contend the case should be dismissed because there is no waiver of sovereign immunity for plaintiff's claims, there is otherwise no basis for subject matter jurisdiction, or no viable claim is stated.

Plaintiff has applied for a patent that sets forth a process that "could be used to separate U235 isotope from natural

Uranium--at very low cost and high speed--for peaceful uses or to make nuclear bombs." Out of fear that his patent could be used for illicit purposes that threaten national security, plaintiff requested that the United States Patent and Trademark Office ("USPTO") keep his patent application secret. In accordance with the Invention Secrecy Act, 35 U.S.C. §§ 181-88, the USPTO has maintained the secrecy of the application while it awaited recommendations from the Departments of Energy ("DOE") and Defense ("DOD") regarding whether the application should remain secret. DOD deferred to the opinion of the DOE. DOE recommended that secrecy not be maintained. Accordingly, the USPTO will publish the patent on August 30, 2007.

Contrary to the view of DOE, plaintiff believes publication of his patent could threaten national security and therefore requests review of the decision to publish the patent. Plaintiff contends that a decision as to secrecy should depend on whether the USPTO determines he has a patentable process, thereby implying it is useful and original.[1] If it is patentable, plaintiff believes the invention should remain secret. If it is not patentable, plaintiff apparently would concede that secrecy is not needed. In his lawsuit, plaintiff seeks to enjoin the USPTO from publishing his patent. Plaintiff also seeks damages,

---

[1] A copy of the patent application is not before the court. It is assumed that it is a process patent.

but that appears to be secondary to any related ruling that his patent application remain secret. Plaintiff seeks damages as an additional means of showing he has suffered injury that would support standing.

The named defendants are the Defense Threat Reduction Agency, USPTO, and DOE. In additional to injunctive relief, plaintiff requests $1551 in damages representing the fee he incurred for an international patent application. In the complaint, plaintiff does not identify the jurisdictional basis for his lawsuit. In response to defendants' motion to dismiss, plaintiff adds the contention that there is a waiver of sovereign immunity and jurisdiction under the Federal Tort Claims Act ("FTCA"). In response to the motion to dismiss, plaintiff indicates that he would amend his complaint to add an FTCA claim and a claim pursuant to 35 U.S.C. § 183 and seek $500,000,000 or more in damages. This amount represents the alleged annual loss of revenue from the invention if it is not pursued internationally.[2]

The Secrecy Act provides that "[t]he owner of an application which has been placed under a secrecy order shall have a right to appeal from the order to the Secretary of

---

[2]Plaintiff filed a document entitled "Motion to Comment on the Defendant's Reply." That document is construed as a surreply and plaintiff is granted leave to file it. It has been considered.

Commerce under rules prescribed by him." 35 U.S.C. § 181. Those regulations may be found at 35 C.F.R. § 5.4. The statute and regulations are limited to seeking rescission of a secrecy order.[3] There is no provision for reviewing a recommendation not to issue a secrecy order. Plaintiff, though, has filed with the USPTO two petitions to reconsider keeping his patent secret. Each such petition contains an alternative request for a license to file abroad if it is determined that no secrecy is required. Neither petition has been ruled upon. If § 5.4 could be construed as permitting a petition to enter a secrecy order, plaintiff would likely have to wait for a determination by the USPTO and then appeal any adverse decision to the Secretary of Commerce before there could be any possible proceeding in a court. That, however, need not be decided because plaintiff's petitions are not the type that fall under Regulation 5.4 or the express terms of § 181.

The Invention Secrecy Act does permit a lawsuit for compensatory damages, but only to recover compensation for damages resulting from the patent being kept secret or

---

[3] Section 5.4(a) provides that a petition for rescission or removal of a secrecy order may be filed by or on behalf of an affected principal. Sections 5.4(b) and (c) set forth the required contents of the petition. Section 5.4(d) provides that appeals to the Secretary of Commerce may only be brought after a petition for rescission has been made and denied, the appeal must be brought within 60 days of denial, and that a hearing will be held.

compensation for the government's use of the patent while it was secret. See 35 U.S.C. § 183. Since no secrecy order was entered, plaintiff cannot claim he was damaged by any such order.[4] He also cannot contend that he has been prevented from making a foreign filing based on his patent remaining secret. The decision not to enter a secrecy order was made in sufficient time for plaintiff to decide to pursue a foreign filing. Plaintiff does not state any basis for bringing a claim under § 183.

Plaintiff contends he could bring a claim under the FTCA. He appears to be requesting permission to file an amended complaint to add an FTCA claim. Since the complaint has not yet been answered, plaintiff did not need leave of court to file an amended complaint. See Fed. R. Civ. P. 15(a). Since plaintiff has not actually filed an amended complaint, nor even provided a proposed amended complaint, the question would be whether, in the event the case is otherwise subject to dismissal, the court should only dismiss the complaint and allow an opportunity to amend. Since there is no indication that plaintiff would have a

---

[4]Also, any claim under § 183 would be premature because it can only be brought either after the appropriate agency head has denied or made an offer of just compensation or after the patent has issued. See Halpern v. United States, 258 F.2d 36, 41-43 (2d Cir. 1958); Robinson v. United States, 236 F.2d 24, 27-28 (2d Cir. 1956); Stein v. United States, 41 F. Supp. 2d 68, 69-70 (D. Mass. 1999). None of those events have occurred in this case.

viable FTCA claim, this is not a basis for allowing an opportunity to amend. Before an FTCA claim may be brought in federal court, the plaintiff must first file an administrative claim with the agency and exhaust his administrative remedies. 28 U.S.C. § 2675(a); Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003). Plaintiff has not filed any document with the USPTO (or any of the other defendant agencies) that would qualify as an administrative claim under the FTCA. See 28 U.S.C. § 14.2(a); Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997). Therefore, pursuit of an FTCA claim would be futile.[5]

The two statutory provisions cited by plaintiff do not provide a basis for bringing his damages claims against an agency of the United States. Since plaintiff is proceeding pro se, it should be considered whether there is a basis for plaintiff's claims that he has not specifically cited. No provision of the federal patent statutes has been found that generally provides for the review of determinations of the USPTO. Any provisions for review of USPTO decisions pertain to particular types of rulings not applicable to plaintiff's situation and do not provide for review in this court. See, e.g., 35 U.S.C. §§ 141, 145, 154(b)(4)(A), 306, 315.

---

[5]For a viable FTCA claim, plaintiff would also have to identify a tort under Illinois law that has been committed by one of the defendants, see 28 U.S.C. §§ 1346(b)(1), 2674; and overcome the discretionary function defense and other possible barriers to relief, see id. § 2680(a).

The other possibility is that DOE's decision not to recommend a secrecy order is subject to review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.[6] One requirement for review under the APA is that the person be adversely affected or aggrieved by the agency action. 5 U.S.C. § 702. Any such injury must satisfy constitutional standing requirements. Village of Lincolnshire v. Illinois Department of Transportation, 2002 WL 276127 *4 (N.D. Ill. Feb. 27, 2002); Perry v. Delaney, 74 F. Supp. 2d 824, 832 (C.D. Ill. 1999). The potential threat to the nation and world from terrorist activity or nuclear annihilation caused by someone seeing plaintiff's patent application is too remote and generalized to support standing for plaintiff.[7] See Mahorner v. Bush, 224 F. Supp. 2d 48, 50 (D.D.C. 2002), aff'd by unpublished order, 2003 WL 349713 (D.C. Cir. Feb. 12, 2003), cert. denied, 539 U.S. 960 (2003). Since plaintiff cannot meet the standing requirement, it is unnecessary to consider whether his non-monetary claim otherwise satisfies the requirements for APA review.

No jurisdictional basis has been found for considering plaintiff's claim that defendants should have entered or

---

[6] The waiver of sovereign immunity under the APA only applies to non-monetary relief. See 5 U.S.C. § 702.

[7] Plaintiff paying the filing fee for a foreign patent application was not caused by the denial of a secrecy order so it cannot support standing to review that denial.

recommended a secrecy order. An agency of the United States responsible for considering threats to national security has determined that revelation of the patent application does not threaten national security. That decision is not subject to review in this lawsuit. Plaintiff's cause of action will be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's motion to impose immediate secrecy will be denied. His motion to file documents under seal will be denied as moot.

IT IS THEREFORE ORDERED that plaintiff's motion to comment is construed as a surreply and, as such, the motion [25] is granted in that plaintiff is granted leave to file this surreply. Plaintiff's motion to order the USPTO to impose immediate secrecy [11] is denied. Plaintiff's motion to file documents under seal [20] is denied as moot. Defendants' motion to dismiss [16] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago,

Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hort*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 15, 2007